**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Patricia H., | ) |
|       *Plaintiff*, | ) |
| v. | ) Case No. 3:20-cv-50509 |
| | ) Magistrate Judge Lisa A. Jensen |
| Kilolo Kijakazi, | ) |
| Acting Commissioner of Social Security,[1] | ) |
|       *Defendant*. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Patricia H. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying her social security benefits.[2] For the reasons set forth below, the Commissioner's decision is affirmed.

**I. Background**

This Social Security disability benefits case, which is now long running with a large administrative record, is before the Court a second time. Plaintiff submitted applications for disability insurance benefits and supplemental security income in July of 2013, when she was 60 years old. Plaintiff alleged that she suffered from avascular necrosis of femoral head, degenerative joint disease, spinal spurs, hip pain, high blood pressure, and COPD with an alleged onset date of May 11, 2013. Her claims were initially denied on October 3, 2013, and upon reconsideration on September 24, 2014. Thereafter, she filed a written request for a hearing, and a hearing was held before an Administrative Law Judge ("ALJ") on August 8, 2016. On September 19, 2016, the ALJ

---

[1] Kilolo Kijakazi has been substituted for Andrew Marshall Saul. Fed. R. Civ. P. 25(d).
[2] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c).

issued an unfavorable, 11-page decision finding Plaintiff was not entitled to benefits. Plaintiff requested review by the Appeals Council, which was denied on July 19, 2017. On August 24, 2017, she filed a complaint in federal court requesting judicial review of the Commissioner's adverse decision.

The case was assigned to then-Magistrate Judge Johnston, who issued a remand order on March 8, 2019. Judge Johnston noted several problems with the ALJ's decision including that her analysis of Plaintiff's treating physician opinions lumped all five physicians together in a cursory analysis. R. 1307. Judge Johnston ordered the ALJ to call a medical expert and explicitly apply the treating physician rule to the relevant medical opinions on remand. R. 1311.

Pursuant to the remand order, Plaintiff, an impartial medical expert, and a vocational expert appeared and testified at a second hearing held on September 19, 2019. On November 14, 2019, the ALJ issued a partially favorable, 27-page decision, concluding that Plaintiff was not disabled prior to January 20, 2017 but became disabled on that date and continued to be disabled through the date of the decision. R. 1188. The ALJ found that Plaintiff had the following severe impairments between the alleged onset date and January 20, 2017: coronary artery disease with bypass graft, fracture of the right humerus, avascular necrosis of the right hip, chronic obstructive pulmonary disease, lumbar and cervical degenerative disc disease, complex regional pain syndrome, tobacco abuse, and obesity. R. 1174. The ALJ determined that Plaintiff's severe impairments did not meet or medically equal a listed impairment. R. 1176. The ALJ concluded that, prior to January 20, 2017, Plaintiff had the residual functional capacity ("RFC") to perform sedentary work except she could do no work at unprotected heights or around hazardous machinery; could do no commercial driving; could never climb ladders, ropes, or scaffolding; could occasionally climb ramps and stairs; could occasionally balance, stoop, kneel or crouch;

must have avoided concentrated exposure to lower extremity vibrations and worked on a flat, even surface; must have avoided concentrated exposure to temperature extremes, humidity, or respiratory irritants; could occasionally reach overhead bilaterally and frequently in all other directions; and required the option to alternate sitting and standing as needed, but would not be off-task while doing so. R. 1178. The ALJ determined that, prior to January 20, 2017, Plaintiff was capable of performing past relevant work as an insurance clerk. R. 1186.

The ALJ found that, beginning on the established onset date of disability, January 20, 2017, Plaintiff had the same severe impairments as those listed above, plus depression and anxiety. R. 1174. The ALJ determined that Plaintiff's severe impairments did not meet or medically equal a listed impairment. R. 1176. She concluded that, beginning on January 20, 2017, Plaintiff had the same physical RFC, but added that Plaintiff was also limited to simple, routine tasks; could do no fast-paced production work; required work of a variable rate; and could not have strict production or hourly requirements. R. 1184-85. The ALJ determined that, beginning on January 20, 2017, Plaintiff could not perform her past relevant work, and there were no jobs that exist in significant numbers in the national economy that she could perform. R. 1187-88. The ALJ concluded that Plaintiff became disabled on January 20, 2017 and continued to be disabled through the date of the decision. R. 1188. Plaintiff requested a review of this decision by the Appeals Council, which was denied on October 29, 2020. R. 1144. Plaintiff appealed the ALJ's decision to this Court on December 23, 2020.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.*

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (citations omitted). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

### III. Discussion

In her five-page opening brief, Plaintiff makes a handful of arguments, many of which are underdeveloped or rely on inaccurate information, and she focuses on the portion of the ALJ's decision finding her not disabled prior to January 20, 2017. Specifically, Plaintiff argues that the ALJ (1) improperly evaluated the opinions of Plaintiff's treating physicians; (2) interfered in Plaintiff's counsel's cross-examination of the medical expert ("ME") at the hearing; (3) failed to clarify how she arrived at her conclusions; (4) rejected numerous Global Assessment of Function ("GAF") evaluations; and (5) did not properly account for Plaintiff's mental health condition prior to January 20, 2017 because she failed to discuss certain evidence.

#### A. Evaluations of the treating physicians

In her first decision, the ALJ wrote two paragraphs on Dr. Rivera's opinions, one paragraph on a "group" opinion analysis for Drs. Ansari-Ali, Shah, Chang, Mayer, and Berry, and one paragraph on Dr. Sterba's opinion. *See* R. 30-31. In compliance with Judge Johnston's instructions, the ALJ's second decision included several pages summarizing Plaintiff's treatment with the

4

various treating physicians, *see* R. 1180-82, and another three pages analyzing each of the treating physicians individually, *see* R. 1176, 1182-84.

Plaintiff makes a three-part argument with respect to the ALJ's evaluation of the treating physicians. She asserts that the ALJ did not differentiate between any of the treating sources, gave "equal weight" to all other physicians in the record, and did not consider any of the factors required by the treating physician rule. Pl.'s Br. at 3, Dkt. 14; *see* 20 C.F.R. § 404.1527(c).[3] The Commissioner contends that, contrary to Plaintiff's assertion, the ALJ *did* weigh each treating source opinion separately and *did not* give equal weight to all physicians. Def.'s Resp. at 3-4, Dkt. 19. The Commissioner also argues that the ALJ discussed some of the treating physician rule factors but was not required to explicitly discuss each factor in her analysis. *Id*. at 4-5. In her reply, Plaintiff walks back her original argument. She acknowledges that the Commissioner is correct that the ALJ addresses the physicians' opinions in greater detail than in the prior decision. However, Plaintiff then proceeds to make new arguments in the reply, stating that the ALJ's discussion is more of a summary than actual analysis and that the ALJ may not cherry-pick evidence. Pl.'s Reply at 1-2, Dkt. 24.

The Court will first address the original arguments brought in Plaintiff's opening brief. The Commissioner is correct that the ALJ separately weighed the medical opinions and assigned varied weights to each. *See* R. 1182-84, 1186 (discussion of each of the medical opinions in the record and assigning them different weight, ranging from no weight to great weight). The Commissioner

---

[3] The Social Security Administration modified the treating physician rule to eliminate the "controlling weight" instruction. *See* 20 C.F.R. § 404.1520c ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from your medical sources."). However, the new regulations apply only to disability applications filed on or after March 27, 2017. *Compare* 20 C.F.R. § 404.1527 ("For claims filed (see § 404.614) before March 27, 2017, the rules in this section apply.") *with* 20 C.F.R. § 404.1520c ("For claims filed (see § 404.614) on or after March 27, 2017, the rules in this section apply."). Plaintiff's application in this case was filed in 2013. Accordingly, the ALJ was required to apply the treating physician rule when deciding Plaintiff's application.

is also correct that the ALJ did discuss some of the factors under the treating physician rule. *See Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009) (factors include the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion) (citing 20 C.F.R. § 404.1527(c)(2)). Specifically, the ALJ discussed the specialties of Ms. Voss and Drs. Macaulay, Ansari-Ali, Shah, Francis, Chang, Mayer, and Berry. She discussed the nature and extent of the treatment relationship between Plaintiff and Drs. Macaulay, Rivera, Ansari-Ali, Francis, Chang, Mayer, Sterba, and Ms. Voss. The ALJ also discussed the consistency and supportability of the opinions of Drs. Macaulay, Rivera, Ansari-Ali, Shah, Chang, Mayer, Sterba, and Berry. R. 1175-76, 1180, 1182-84. Thus, although the ALJ did not explicitly discuss every factor, it is clear that she was aware of and considered many of the factors, including the physicians' specialty, the treatment relationships, the consistency of the opinions with the record as a whole, and the supportability of the opinions. The Seventh Circuit has held that this type of opinion assessment is sufficient and supported by substantial evidence. *See Elder v. Astrue*, 529 F.3d 408, 415-16 (7th Cir. 2008); *Collins v. Berryhill*, 743 F. App'x 21, 28 (7th Cir. 2018) (unpublished); *Schreiber v. Colvin*, 519 F. App'x 951, 959 (7th Cir. 2013) (unpublished). As such, remand is not warranted on these grounds.

With respect to the remaining arguments, the Court notes, as an initial matter, that arguments raised for the first time in a reply brief are deemed waived. *See Martin v. Kijakazi*, 21-1920, 2022 WL 1681656, at *3 (7th Cir. May 26, 2022); *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021); *Aristotellis Z. v. Kijakazi*, No. 20 CV 5092, 2022 WL 267906, at *3 (N.D. Ill. Jan. 28, 2022). Nevertheless, Plaintiff's arguments do not provide a basis for remand. Regarding Plaintiff's contention that the ALJ's discussion of the medical providers is a mere summary of the

medical treatment rather than an analysis, the Court finds that this statement is inaccurate. As explained above, the ALJ explicitly discussed many of the factors under the treating physician rule and provided paragraph-long explanations for each assignment of weight. *See* R. 1182-84, 1186.

Next, regarding Plaintiff's cherry-picking argument, Plaintiff points to just one example, but it is unclear how her example supports cherry-picking. Plaintiff alleges that, "ALJs are permitted to weigh evidence but may not cherry pick from it. For example, page 10 of the decision lists treatment but does not explain why said treatment is insufficient to have a finding of greater limitations." Pl.'s Reply at 2, Dkt. 24. By making such an undeveloped and unsupported argument, Plaintiff has effectively waived this argument. *See McMurtry v. Berryhill*, No. 16 C 8462, 2018 WL 2320929, at *3 (N.D. Ill. May 22, 2018) (explaining that perfunctory and undeveloped arguments in a Social Security appeal may properly be rejected); *Moss v. Astrue*, No. 09-1196, 2010 WL 2572040, at *6 (C.D. Ill. June 22, 2010) ("Moss provides no specific examples . . . to support his argument. Consequently, these additional arguments are waived as perfunctory.").

### B. Medical expert cross-examination

Plaintiff argues that the ALJ interfered in her counsel's cross-examination of the ME, Dr. Munoz, at the hearing. Plaintiff asserts that this interference effectively deprived her of the opportunity to cross-examine Dr. Munoz, violating her statutory right under the Social Security Act to have an eligibility decision made on the basis of evidence adduced at a hearing. Pl.'s Br. at 3-4, Dkt. 14 (citing 42 U.S.C. § 405(b)). The Commissioner responds that Plaintiff's argument is legally baseless, given that the statutory provision she cites does not support her argument, and that it is contradicted by the record and the fact that the ALJ confirmed Plaintiff's counsel had a full opportunity to question the ME. Def.'s Resp. at 7-8, Dkt. 19. In her reply, Plaintiff softens her

assertion, stating that the transcript reveals that the ALJ was irritated and insisted that counsel speed up the cross-examination to fit her schedule. Pl.'s Reply at 3-4, Dkt. 24.

The statute cited by Plaintiff states that an ALJ must affirm, modify, or reverse the Commissioner's decision "on the basis of evidence adduced at the hearing." 42 U.S.C. § 405(b). The Court will not delve into whether the statutory text creates a "right" for effective cross examination because, regardless of whether or not there is such a right, the Court concludes that the ALJ did not impede Plaintiff's ability to cross examine the ME. First, Plaintiff takes the ALJ's words out of context. For example, Plaintiff cites in her reply brief the following quotation from the hearing transcript: "I'm going to cut you off because I don't have time." Pl.'s Reply at 3, Dkt. 24 (citing R. 1222). Read alone, one might understand this to mean that the ALJ did not allow counsel to finish his line of questioning. However, in the very next sentence, the ALJ proceeds to explain that it is unnecessary for counsel to "set [the cross-examination questions] up beautifully" in a social security appeal hearing as one might do in other judicial hearings and directs counsel to instead ask the specific question he has about the exhibit. R. 1222. This does not support Plaintiff's contention that the ALJ prevented her from providing evidence at the hearing.

Second, based on this Court's review of the transcript, the Court finds no indication that the ALJ interfered with Plaintiff's ability to cross-examine the ME. *See Sprinkle v. Astrue*, No. 09 CV 5042, 2012 WL 4891731, at *5 (N.D. Ill. Oct. 10, 2012) (finding no legal error on the part of the ALJ where the court found no indication that the ALJ prevented cross-examination of the ME). The Court's finding is further established by the fact that Plaintiff's counsel confirmed that they had no further questions:

> ALJ: Any other questions for the doctor?
> ATTY: And, so Doctor, you've given us your entire assessment of your review of the medical, the complete medical record, is that true?
> ME: Yes.

ATTY: Okay. Those are all the questions I have on the matter.

R. 1230. This constitutes waiver. *See Sparks v. Colvin*, No. 1:13-CV-01536-TWP, 2015 WL 1396612, at *5 (S.D. Ind. Mar. 25, 2015) (holding that because the plaintiff and his counsel were given the opportunity to cross-examine the ME but lodged no objections and affirmatively stated they had no questions, they waived any objections). In addition to the ALJ giving Plaintiff every opportunity to question the ME, Plaintiff was represented by counsel at the hearing, so she is presumed to have made her best case before the ALJ. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). As a result, Plaintiff's argument concerning the medical expert testimony does not warrant remand.

### C. Failure to clarify

Plaintiff next argues that the ALJ "compounded" the above errors by "failing to clarify how she arrived at her conclusions." Pl.'s Br. at 4, Dkt. 14. Although Plaintiff does not specify which conclusions she is referring to, the Commissioner interprets this argument as referring to the ALJ's conclusions about the medical opinions and responds that the ALJ provided adequate reasons to support her weighing of each medical opinion. Def.'s Resp. at 7, Dkt. 19. Plaintiff does not further discuss this topic or respond to the Commissioner's arguments in her reply brief.

Courts in this circuit construe such an omission as an abandonment of the argument. *See Whitcher v. Saul*, 20-CV-445-JDP, 2021 WL 805570, at *4 (W.D. Wis. Mar. 3, 2021) ("Whitcher drops this issue in his reply brief, which the court will construe as an acknowledgment that he can't meet his burden."); *Corey Z. v. Saul*, 18 CV 50219, 2019 WL 6327427, at *8 (N.D. Ill. Nov. 26, 2019) ("Plaintiff ignores this argument in his reply brief. . . A failure to respond to an argument raised by the opposing party on appeal results in waiver."). As such, Plaintiff's failure to respond constitutes abandonment of the argument. However, even if the argument was not abandoned, as

9

the Court has already explained in the first subsection, the ALJ's evaluation of the physicians of record is supported by substantial evidence. Plaintiff's argument does not warrant remand.

### D. GAF evaluations

Plaintiff complains that the ALJ rejected numerous GAF evaluations as being subjective and unreliable. Pl.'s Br. at 4, Dkt. 14; *see* R. 1186. The Commissioner argues that the ALJ provided several reasons for discounting the GAF scores and was not required to accept the scores. Def.'s Resp. at 10-11, Dkt. 19. The Commissioner further argues that the GAF scores are from after January 2017, and Plaintiff cannot establish prejudice when there is no dispute that she was disabled during that time. *Id*. at 11. Plaintiff does not respond to the Commissioner's arguments in her reply brief which, as explained above, is construed as an abandonment of the argument.

Moreover, the Commissioner is correct that the GAF scores in the record are from treatment notes between January 2017 and April 2019. R. 1708, 1750, 2830, 2942, 2968, 2990, 3060, 3062, 3110, 3172, 3295, 3300, 3303, 3309, 3332, 3341. For the period between the established onset date (January 20, 2017) and the date of the ALJ decision, the ALJ's rejection of the GAF scores is not prejudicial because there is no dispute that Plaintiff was disabled during that time period. For the period between the alleged onset date (May 11, 2013) and the established onset date, the ALJ provided adequate reasons for declining to rely on GAF scores in her assessment. For instance, the ALJ explained that the scores were of limited value because they are a subjective assessment of the claimant's level of functioning at a single point in time, so they provide no indication of a claimant's overall level of functioning over an extended period. R. 1186. The Court finds that this constitutes substantial evidence. *See Biestek*, 139 S. Ct. at 1154 (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). Therefore, remand is not warranted on this basis.

10

### E. Mental condition evidence

Plaintiff argues that the ALJ did not properly account for her mental condition prior to January 20, 2017 because she failed to discuss three key pieces of evidence: PHQ-9 testing from August 2014, an October 2015 depression screening, and a letter from Dr. McCaulay. Pl.'s Br. at 4-5, Dkt. 14. The Court will address each in turn.

Regarding the PHQ-9 testing from August 2014, the Commissioner argues that the ALJ did discuss this piece of evidence when noting Plaintiff's reported increased depression. Def.'s Resp. at 11, Dkt. 19. The Commissioner also points out that the PHQ-9 is a self-reported questionnaire, not a test. *Id.*; *see* R. 769, 775. Plaintiff does not respond to the Commissioner's arguments in her reply brief, which the Court construes as an abandonment of the argument. Yet, even if not abandoned, the Court notes that the ALJ provided sufficient reasoning for declining to find that this evidence supported a finding that Plaintiff's depression and anxiety were severe prior to January 20, 2017. The ALJ cited numerous reasons, including that Plaintiff did not seek specialized mental health treatment until January 20, 2017, she often denied depression and anxiety at appointments, and the letter from Dr. Macaulay[4] related to treatment that occurred over 15 years prior to the relevant period. R. 1174-75. The ALJ explained that, although she considered the August 2014 PHQ-9, she ultimately determined that the overall evidence did not show Plaintiff received treatment for mental health issues prior to January 2017. *See* R. 1175. As such, the ALJ's conclusion is supported by substantial evidence. *See Biestek*, 139 S. Ct. at 1154.

With respect to the October 2015 depression screening, Plaintiff does not provide a citation to the record for this piece of evidence and the Court was unable to find it in the record. The

---

[4] In a letter dated October 26, 2016, Dr. Macaulay stated that she had treated Plaintiff over 20 years ago and recalled assessing Plaintiff with depression, PTSD, Obsessive Compulsive Disorder, and an Axis 2 Personality Disorder. R. 1548.

Commissioner assumes that Plaintiff meant to refer to another PHQ-9 from April 2016, which the ALJ noted showed only "mild depression." Def.'s Resp. at 11, Dkt. 19; *see* R. 1175. The Commissioner contends that even if Plaintiff could locate a piece of evidence that the ALJ did not mention, the ALJ does not need to discuss every piece of evidence in the record. Def.'s Resp. at 11, Dkt. 19. Plaintiff does not discuss this issue or respond to the Commissioner's points in her reply brief, which constitutes waiver of the argument. However, even if not waived, the Court finds that this does not warrant remand. As the Commissioner points out, the ALJ is not required to discuss every piece of evidence in the record as long as she provides a logical bridge between the evidence and her conclusions. *See Butler*, 4 F.4th at 501. The Court finds that the ALJ's reasons (as stated in the paragraph above) constitute a logical bridge, and that the ALJ's assessment is supported by substantial evidence.

Regarding the October 2016 letter from Dr. Macaulay, the Commissioner argues that the ALJ considered it and gave it some weight but found that Plaintiff's remote history of past mental health issues did not support a finding that her mental impairments were severe during the relevant period. Def.'s Resp. at 9-11, Dkt. 19; *see* R. 1175-76. Plaintiff does not reply or address the issue further in her reply brief, which constitutes abandonment of the argument. Moreover, the Court finds that the ALJ's reasoning for declining to rely on the letter constitutes substantial evidence. *See Biestek*, 139 S. Ct. at 1154. For the above reasons, the Court concludes that the ALJ's consideration of the three pieces of evidence cited by Plaintiff does not warrant remand.

F. Other arguments

Plaintiff also makes several other new arguments in her reply brief, including that the ALJ (1) failed to discuss why she discounted Plaintiff's testimony; (2) failed to address Plaintiff's medically determinable condition even though it was non-severe; and (3) failed to explain why she

12

rejected the ME's opinion that she had a less than sedentary RFC. Pl.'s Reply at 2-3, Dkt. 24. The Court declines to address these arguments because, as this Court has previously explained, arguments raised for the first time in a reply brief are waived.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is denied, the Commissioner's motion is granted, and the ALJ's decision is affirmed.

Date: July 5, 2022      By: _Lisa A. J_____
　　　　　　　　　　　　　　　Lisa A. Jensen
　　　　　　　　　　　　　　　United States Magistrate Judge